**R. L. BLACK et al., Plaintiffs-Appellants,**

v.

**UNITED STATES of America et al., Defendants-Appellees.**

**No. 668, Docket 75–6006.**

United States Court of Appeals, Second Circuit.

Argued March 22, 1976.

Decided April 23, 1976.

Thomas Hoffman, New York City, for plaintiffs-appellants.

James E. Crowe, Jr., Atty., Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Jr., Jonathan S. Cohen, Attys., Tax Div., Dept. of Justice, Washington D. C., and David G. Trager, U. S. Atty. for the Eastern District of New York, Brooklyn, N. Y., on the brief), for defendants-appellees.

Before LUMBARD, FEINBERG and TIMBERS, Circuit Judges.

LUMBARD, Circuit Judge:

This appeal challenges a judgment entered in the Eastern District on February 11, 1976 denying plaintiffs' application for a preliminary injunction and granting defendants' motion to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction and failure to state a claim for relief. Since the defendants have not filed a responsive pleading, we must accept, as

did Judge Neaher, the allegations contained in the complaint which was filed on July 9, 1974. It is plain, however, on the basis of the facts pleaded therein, that plaintiffs' action cannot be sustained. We therefore affirm.

Appellants in this purported class action are R. L. Black, the sole proprietor of an income tax preparation service in St. Albans, New York and a number of his clients suing on behalf of themselves and all others similarly situated. Appellees include the United States, the Secretary of the Treasury, the Commissioner of Internal Revenue, the District Director of the IRS in Brooklyn and "other unknown agents" of the IRS.

On June 26, 1974, the Internal Revenue Service informed Black that a number of returns which he had prepared for customers for the tax years 1971 and 1972 were being studied by a special joint investigatory team comprised of members of both the intelligence and audit divisions. Two months later, on August 28, Black was further notified that the IRS had "under consideration a recommendation that criminal proceedings be instituted against [him] on account of such returns." Finally, in March 1975, Black was charged in a five count indictment returned in the Eastern District with assisting in the preparation of false income tax returns for the years 1972 and 1973, in violation of 26 U.S.C. § 7206(2). On November 19, 1975, he was acquitted on all counts after a trial before Judge Thomas E. Platt and a jury.

The gist of appellants' complaint is that the IRS has conducted its investigation in such a harassing and intrusive manner as to violate their constitutional rights. They stress with particular concern the repeated visits which government agents have made to the homes of Black's clients and to their places of business. Approximately 85 persons have been interrogated, informed that Black is under investigation and warned that they would be called in for audits unless they cooperated. More than 120 have had their refund checks withheld. Nearly 200 persons have received notice that all their claimed deductions were being disallowed, although some of them took only standard deductions on a short form. Summonses have been issued requesting financial records which appellants allege are already in the possession of the IRS. Other subpoenas have been threatened.

Reasoning from the fact that he and most of his 560 clients are black, appellant Black charges that the course of conduct outlined above was racially motivated and thus in violation of his right to equal protection of the laws as guaranteed by the Fifth Amendment. In his amended complaint, Black additionally claims that the IRS investigation was prompted by the personal animus of Elonia Spruill, his former mother-in-law, who is an employee in the Brooklyn office of the IRS. Black further asserts that the tactics of the IRS are designed to intimidate his customers and drive him out of business without the just compensation to which he is entitled. Appellant clients similarly complain of the government's methods, joining in the allegation that they are discriminatory, contending that they exceed statutory authority and charging that they infringe their right to privacy under the Fourth and Ninth Amendments.

However injured the plaintiffs may be, they have pursued the wrong course in seeking redress of their grievances. Injunctive relief of the kind here sought is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), which provides in pertinent part:

. . . [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

In an attempt to circumvent § 7421(a), appellants argue that they do not contest their actual tax liability but wish only to put an end to the alleged IRS harassment. Yet, despite their disclaimer, it is obvious that if the IRS is enjoined from continuing its investigation, it will be hindered in its efforts to uncover, correct and remedy improper deductions which may have been

claimed by Black on behalf of his clients. It is precisely this kind of interference which the Anti-Injunction Act is designed to prevent. See *Bob Jones University v. Simon*, 416 U.S. 725, 738–9, 94 S.Ct. 2038, 2047, 40 L.Ed.2d 496, 510 (1974).

■ The fact that the summonses, questioning and audits under attack had subsequent criminal consequences for Black is simply beside the point. The affidavits which appellants have submitted in support of their motion for a preliminary injunction indicate that the challenged activities of the IRS were undertaken during the spring and early summer months of 1974. It was not until late August of that year, however, that the IRS informed Black that they had "under consideration" a recommendation that criminal proceedings be instituted against him. Yet another seven months elapsed before an indictment was returned in March 1975. As the Supreme Court stated in *Donaldson v. United States*, 400 U.S. 517, 536, 91 S.Ct. 534, 545, 27 L.Ed.2d 580, 592 (1971): "We hold that . . . an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution."

■ This is not to say that appellants are left wholly without recourse. As Judge Neaher noted, the clients are free to file individual claims for refund and, after six months, to sue for the refunds in federal court, 26 U.S.C. §§ 6532(a) and 7422(a).[1] Moreover, any challenge to an IRS summons may be raised in an administrative hearing and, if rebuffed in that forum, reasserted in district court as a defense to enforcement proceedings.[2] *Reisman v. Caplin*, 375 U.S. 440, 445–6, 84 S.Ct. 508, 511, 11 L.Ed.2d 459, 463 (1964). Having chosen to by-pass these available and adequate legal remedies, appellants cannot now come before this court in search of equitable relief. See *Commissioner v. Shapiro*, —— U.S. ——, 96 S.Ct. 1062, 47 L.Ed.2d 278, 44 U.S.L.W. 4313 (1976); *Enoch v. Williams Packing and Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).[3]

We likewise agree with Judge Neaher's determination that the district court lacked jurisdiction to entertain appellants' claim for money damages against the Secretary of the Treasury and the Commissioner of Internal Revenue.[4] In reaching this conclusion, the district court held that the named agency heads enjoyed an absolute immunity to suit for actions taken in their official capacity. This is no longer the case, as appellants point out. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Apton v. Wilson*, 165 U.S.App.D.C. 22, 506 F.2d 83 (1974) (applying to federal officials the qualified immunity first announced in *Scheuer* with respect to state officers); *Mark v. Groff*, 521 F.2d 1376 (9th Cir. 1975) (IRS agents held entitled to only qualified immunity).

■ The courts, however, have been careful to couple this expansion in the liability of executive officers with new and necessary safeguards. In an effort to limit vexatious litigation and to minimize interference with the orderly workings of government, it is required in suits against state officials under 42 U.S.C. § 1983 that the plaintiff allege the defendant's direct and personal responsibility for the purportedly unlawful conduct of his subordinates. In *Johnson v . Glick*, 481 F.2d 1028, 1034 (2d

---

1. At least one plaintiff, Paul Burke, did file a request for a refund with the IRS.

2. Although Black has no absolute right to intervene in a proceeding brought to enforce a subpoena against one of his clients, *Donaldson*, supra 400 U.S. at 527–30, 91 S.Ct. at 540, 27 L.Ed.2d at 587, his potential criminal liability is plainly a factor which the district court would consider in deciding whether to exercise its discretion and permit intervention.

3. Appellants do not appeal the district court's denial of declaratory relief, 28 U.S.C. § 2201, which generally provides for declaratory judgments, contains a specific exception for matters relating to federal taxes.

4. Appellants do not contest the district court's dismissal of their claim against the United States on the grounds of sovereign immunity.

Cir.), *cert. denied* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973), we stated with regard to state officials that "the general doctrine of *respondeat superior* does not suffice . . . " We see no reason why the pleading requirements should be any different in actions against federal officials. Cf. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 456 F.2d 1339, 1346–7 (2d Cir. 1972). Insofar as appellants' complaint is silent in this critical regard, it is fatally defective.

■ Since Black's mother-in-law was neither served nor named as a party, although mentioned in the amended complaint, all that remains to be considered is appellants' conclusory allegation that "other unknown agents" of the IRS have engaged in an unauthorized and racially motivated vendetta against them. As substantiation for their claim, appellants' contend that "on one occasion," Black was asked by an IRS agent whether he had any white clients.[5] In the context of an otherwise deficient complaint, we hold that this isolated, ambiguous inquiry is insufficient to state a claim for relief. A complaint against public officials alleging the deprivation of constitutional rights must detail the basis of that claim with greater specificity than appellants have here provided. See *Koch v. Yunich*, 533 F.2d 80, at 86 (2d Cir. 1976).

Affirmed.

---

5. Appellants further state in their complaint that "[o]n at least one occasion, an agent of the Internal Revenue Service informed plaintiff R.L. Black's clients that the Internal Revenue Service was going to 'run plaintiff R.L. Black out of business.' " While these words, if said, were undoubtedly ill-chosen, we cannot agree with appellants' contention that they indicate, without more, that the IRS investigation was prompted by unlawful or discriminatory considerations.