Emma KEESE

v.

UNITED STATES of America.

Civ. A. No. G–84–360.

United States District Court,
S.D. Texas,
Galveston Division.

Feb. 10, 1985.

Emma Keese, pro se.

Cary L. Jennings, Atty., Tax Div. Dept. of Justice, Dallas, Tex., for defendants.

## MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

Plaintiff, Ms. Emma Keese, brings this pro se action seeking damages from and injunctive relief against the United States of America, the Internal Revenue Service ("IRS"), the IRS Commissioner, and various named and unnamed IRS employees. Defendants' move to dismiss or, alternatively, for summary judgment and plaintiff moves for default and for detailed justification, itemization, and indexing.

### I.

Ms. Keese prepares income tax returns. The IRS, Criminal Investigative Division, is currently investigating Ms. Keese for wilful preparation of false and fraudulent federal income tax returns in violation of IRC § 7206(2).[1] Reading plaintiff's complaint in the best possible light[2], she contends that in the course of this investigation, the defendants have:

1) trespassed upon her property while conducting an illegal search and seizure;

2) placed plaintiff and her husband under surveillance and harrassed them;

3) harassed her clients, threatened to withhold or have withheld clients' refund checks, scheduled simultaneously audits of plaintiff's clients so as to prevent plaintiff from being present, and defamed plaintiff to her clients by telling them about her irrelevant past criminal record, that her pricing methods were illegal, that she is not qualified to represent clients before the IRS, and that she is unreliable; and

4) refused to release information plaintiff has requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 551–559.

Ms. Keese claims that these acts are the result of a government conspiracy to destroy her business.

---

1. IRC § 7206(2) provides:

Any person who—

(2) Aid or assistance—Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document ... shall be guilty of a felony and, upon conviction there-of, shall be fined not more than $100,000 ... or imprisoned not more than 3 years, or both, together with the costs of prosecution.

2. In considering defendants' motion to dismiss or for summary judgment, the Court has liberally construed plaintiff's cryptic pro se papers. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). *See generally* 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1286, at 381 (1969 & Supp.1985).

Plaintiff's prayers for relief essentially follow her actual allegations. First, she seeks to enjoin the alleged IRS activity concerning her business and to enjoin the IRS from mentioning plaintiff when contacting plaintiff's clients. Second, she seeks to enjoin the IRS from using any information gathered from illegally seized records or obtained by duress from her clients and to have the information destroyed. Third, she seeks an order requiring the IRS to comply promptly with her FOIA request. Finally, she seeks $250,-000.00 as well as punitive damages for injury to her reputation, loss of income, and emotional distress.

## II.

■ A. The Court denies plaintiff's motion for default. By order of this Court, defendants had until January 4, 1985 to answer or otherwise respond to plaintiff's complaint. On that date, defendants moved to dismiss or, alternatively, for summary judgment. Defendants' motion is timely under the Court's order. Defendants are defending within the meaning of Fed.R.Civ.P. 55(a) by asserting defenses under Fed.R.Civ.P. 12 and 56. And the Court may not enter default against the United States, or an officer or an agency thereof, unless plaintiff establishes her "claim or right to relief by evidence satisfactory to the court." Fed.R.Civ.P. 55(e). *See Campbell v. Eastland*, 307 F.2d 478, 491–92 (5th Cir.1962), (discussing the public interest protected by and the liberal construction of Rule 55(e)), *cert. denied*, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963). Plaintiff has made no such evidentiary showing, and as the Court's order will make clear, she could make no such showing.

■ B. The Court sua sponte fines plaintiff fifty dollars ($50.00) pursuant to Fed.R.Civ.P. 11. Rule 11 provides in part:

A party who is not represented by an attorney shall sign his pleading, motion, or other paper.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other papers, that to the best of his knowledge, information, and belief formed after reasonably inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....

Plaintiff, in her motion for default, indicates that she knows of the Court's order extending defendants' time to answer to January 4, 1985. Yet, based upon her assertion that defendants should have responded prior to December 31, 1985, the Court can only conclude that plaintiff failed to read the Court's order. Plaintiff's motion, therefore, was not well grounded in facts which reasonable inquiry would have revealed. Neither was plaintiff's motion well grounded in law. As discussed above, Rule 55(e) precludes her from success on her default motion.

The Court is aware that plaintiff prosecutes her action pro se. Courts must liberally construe pro se pleadings and motions. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Nonetheless, Rule 11 explicitly requires pro se litigants to make reasonable inquiry that the pleading or motion is well founded in fact and law. The advisory committee note provides that "[t]he standard is ... reasonableness under the circumstances." The Court finds that plaintiff did not make reasonable inquiry under the circumstances.

Unlike many pro se litigants, Ms. Keese is not a prisoner or a pauper. Rather, Ms. Keese claims to be a tax preparer—one who interprets the tax laws for clients. By her briefs and pleadings, she has shown herself capable of reading and under-

standing the law. More importantly, she has shown herself capable of reading a Court order which she has acknowledged exists. In these circumstances, the policy expressed in Rule 11 of discouraging dilatory tactics and streamlining litigation, and the need to prevent the waste of judicial resources while meritorious claims wait, outweighs the policy of liberally construing pro se litigant's papers. *Cf. Dore v. Schultz*, 582 F.Supp. 154, 158 (S.D.N.Y. 1984) (pro se law student fined $200.00 as Rule 11 sanction for filing frivolous lawsuit); *Snyder v. IRS*, 596 F.Supp. 240, 252 (N.D.Ind.1984) (sanctions against pro se tax protester who brought frivolous suit).

### III.

The Court dismisses with prejudice plaintiff's action for injunctive relief concerning IRS activities with plaintiff's clients—harassing clients, scheduling audits, withholding refund checks, and defaming plaintiff.

The Anti-Injunction Act, I.R.C. § 7421(a) provides: "[with certain exceptions not applicable sua sponte] no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Section 7421(a) explicitly applies to third parties to an audit, such as plaintiff. *See Commissioner of Internal Revenue Service v. Americans United, Inc.*, 416 U.S. 752, 760, 94 S.Ct. 2053, 2058, 40 L.Ed.2d 518 (1974). *EDUCO v. Commissioner of Internal Revenue*, 557 F.2d 617, 620 (7th Cir.1977).

■ Courts should liberally construe § 7421 to protect the government's "need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement interference." *Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). Under § 7421, therefore, the Courts do not have jurisdiction to enjoin the IRS from collecting information that is intended to or may culiminate in the assessment or collection of taxes. *Linn v. Chivatero*, 714 F.2d 1278, 1283 (5th Cir.1983); *Kemlon Products & Devel-*

*opment Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir.), *modified on other grounds*, 646 F.2d 223, *cert. denied*, 454 U.S. 863, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981). For example, courts have held that they are without jurisdiction to enjoin IRS investigations or "harassment" in the course thereof. *United States v. Dema*, 544 F.2d 1373 (7th Cir.1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed.2d 539 (1977); *Black v. United States*, 534 F.2d 524 (2d Cir.1976). *See also Abramson v. Quarles*, 1982–1 U.S. Tax Cases (CCH) ¶ 9293 (W.D.La.1982) (court may not enjoin IRS from requesting taxpayer to schedule a meeting to discuss taxpayer's return). Section 7421 similarly prohibits courts from enjoining the IRS from disclosing information in a taxpayer's return to the taxpayer's customers for the purpose of gathering information useful to make a tax assessment. *Kemlon*, 638 F.2d at 1321.

■ Plaintiff, however, claims that § 7421 is inapplicable because the IRS is investigating her for criminal acts, not to collect taxes. The Court finds it irrelevant that the IRS audits and interviews with plaintiff's clients may have criminal consequences for plaintiff. Although the IRS investigators are members of the Criminal Investigation Division, they may be charged with criminal and civil responsibilities. *United States v. Lask*, 703 F.2d 293, 298 (8th Cir.), *cert. denied*, 464 U.S. 829, 104 S.Ct. 104, 78 L.Ed.2d 107 (1983); *United States v. Pillsbury Credit Union*, 661 F.2d 1195, 1197 (8th Cir.1981) (per curiam). The IRS is investigating plaintiff for wilful preparation of fraudulent tax returns. Obviously, audits of those returns may lead to the collection of taxes if the IRS determines that they are fraudulent.

In a factually similar case, *Black v. United States*, 534 F.2d 524 (2d Cir.1976), a tax preparer and a number of his clients claimed racially motivated IRS harassment. Plaintiffs claimed that the IRS conspired to destroy the tax preparer's business by scheduling harassing audits and withholding his clients' refund checks unless they cooperated in the investigation. The tax

preparer was tried and acquitted under I.R.C. § 7206 and subsequently brought suit seeking to enjoin IRS harassment. The trial court dismissed under § 7421 in spite of the harassment and equal protection claims. The Second Circuit Court of Appeals affirmed, holding irrelevant the criminal consequences to the tax preparer, and stated: "if the IRS is enjoined from continuing its investigation, it will be hindered in its efforts to uncover, correct and remedy improper deductions.... It is precisely this kind of interference which the Anti-Injunction Act is designed to prevent." *Id.* at 527 (citations omitted). Ms. Keese's case certainly is no stronger.

■■■ Plaintiff also seeks to bring her case within the *Enochs* exception to § 7421. Under *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), § 7421 does not bar a federal court from exercising jurisdiction if: 1) plaintiff would suffer irreparable injury for which there is no adequate legal remedy, and 2) it is clear under the most liberal view of the law and the facts that the government would prevail under *no* circumstances. *Kemlon*, 638 F.2d at 1321. The Court, however, finds that plaintiff has not established that her claim is within *Enochs*. Plaintiff has not established irreparable injury beyond her conclusory

claims that the IRS is injuring her business and reputation. *Cf. Kemlon*, 638 F.2d at 1321–22 (plaintiff's conclusory allegation that IRS disclosure of plaintiff's return information would result in loss of business reputation insufficient to establish irreparable injury). And the Court finds that plaintiff has not established that the government will under no circumstances prevail.

■■■ Thus, in the case sub judice, the Court lacks jurisdiction to enjoin the IRS from: 1) conducting audits of plaintiff's clients, whether or not the time is convenient to plaintiff; 2) mentioning plaintiff in interviews with plaintiff's clients; or 3) withholding plaintiff's clients' refund checks.[3]

### IV.

■■■ Court dismisses with prejudice plaintiff's action to enjoin the IRS from using all information and records that were allegedly seized illegally or obtained by duress,[4] and plaintiff's action to enjoin the IRS to destroy all such information and records.

■■■ The Anti-Injunction Act bars the Court from enjoining the IRS from using information obtained in violation of the Fourth Amendment. *Linn v. Chivatero*,

---

3. Plaintiff's clients are free, however, to file individual claims for refund if their checks are withheld and, after six months, to sue for the refunds in federal court. 26 U.S.C. § 6532(a), 7422(a). Plaintiff's clients may also seek to reschedule audits. They may challenge an IRS summons in administrative hearing or as a defense to an enforcement proceeding. *Reisman v. Caplin*, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). In an action to enforce a subpoena against one of plaintiff's clients, plaintiff has no absolute right to intervene, *Donaldson v. United States*, 400 U.S. 517, 527–30, 91 S.Ct. 534, 540–42, 27 L.Ed.2d 580 (1971), although plaintiff's potential criminal liability should be a factor the Court would consider. *Black*, 534 F.2d at 527 n. 2.

Because the Court finds that it does not have jurisdiction to hear claims relating to plaintiff's clients, it does not rule on whether plaintiff would have standing to assert her claims regarding IRS activities with her clients. *See infra* note 4.

4. Plaintiff does not specify against whom the IRS may not use the information. The Court construes plaintiff's complaint as seeking an injunction against use of the information against herself. The Court notes, however, that if plaintiff were seeking to enjoin the IRS from using this information against her clients, the Anti-Injunction Act would bar the Court from exercising jurisdiction. Furthermore, plaintiff would not have standing to assert this claim. *Cf. Howfield, Inc. v. United States*, 409 F.2d 694, 697 (9th Cir.1969) (plaintiff may not enjoin IRS from issuing summons to acquire information from third party, regardless of any right plaintiff may have to suppress use of information at future criminal proceedings). "[P]laintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634, 57 L.Ed.2d 595 (1977) (citations omitted).

714 F.2d 1278, 1285 (5th Cir.1983); *Brittingham v. Commissioner of Internal Revenue*, 451 F.2d 315, 318 (5th Cir.1971); *Koin v. Coyle*, 402 F.2d 468, 470 (7th Cir. 1968). Rather, plaintiff may later seek suppression of information already obtained as fruit of the poisonous tree if the government prosecutes her. *See Linn*, 714 F.2d at 1285.

The Court also will not order the IRS to destroy the records. Ordering destruction of the records would be tatamount to ordering the IRS not to use the information. *But cf. Linn*, 714 F.2d at 1284–85 (§ 7421(a) does not bar plaintiff from seeking return of records allegedly seized in violation of the Fourth Amendment, and all copies, if there is not a pending criminal case or refund suit). More importantly, courts are not in the business of ordering the destruction of potential evidence. The federal rules of evidence, like the common law, require production of original documents absent proof of nonfraudulent loss or destruction. Fed.R. Evid. 1004. *See generally* 5 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 1004(1)[03] (1983) [hereinafter cited as Weinstein]. Courts reason that copies and oral testimony are more prone to inaccuracy and fraud. *See generally* 5 Weinstein ¶ 1004. If the destruction results from bad faith, courts may presume that the evidence was unfavorable to the party who destroyed the evidence. *See generally* 5 Weinstein ¶ 1004(1)[02]; 29 Am.Jur.2d *Evidence* § 177 (1967). Accordingly, the Court will relieve neither the plaintiff or the IRS from their responsibility for this potential evidence.

### V.

The Court dismisses without prejudice plaintiff's action on her FOIA request, and denies her motion for detailed justification, itemization, and indexing.

A. Plaintiff requested from the IRS 1) all files indexed and maintained under her name or social security number and 2) all documents containing her name. In response, she received letters from the national office in Washington and the district office in Houston. Together, these letters informed plaintiff that her request was not specific enough and that she had not provided adequate identification. The letters gave plaintiff the proper location for her to make her requests and an opportunity to refine her request. *See* 26 C.F.R. § 601.702(c)(4) (1985) (requesters to be given opportunity to refine unreasonably broad request). Plaintiff refers to these letters as "trash letters", treats them as a denial of her request, and brings this action.

Plaintiff sues prematurely. Plaintiff must exhaust her administrative remedies before she sues in district court. *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir.1979). Plaintiff should first request, with the appropriate identification, 26 CFR § 601.702(c)(4)(ii) (1985) (identification requirements), the files maintained under her name or social security number. If the IRS then denies plaintiff's request, she should appeal her request to the Commissioner of Internal Revenue pursuant to 26 C.F.R. § 601.701(c)(8) (1985).

Plaintiff may not, however, request all files relating to her or containing her name. Requests for all documents containing a requester's name are not reasonably specific as required by the FOIA, 5 U.S.C. § 552(a)(3). 26 C.F.R. § 601.702(c)(4); *see Ely v. Internal Revenue Service*, 54 AFTR2d ¶ 5495 (W.D.Wis. March 22, 1984); *Reith v. Internal Revenue Service*, 1980–2 U.S.Tax Cas. (CCH) ¶ 9705 (N.D.Ind. Sept. 10, 1980). *See also Hunt v. Commodity Future Trade Commission*, 484 F.Supp. 47, 51 (D.D.C.1979) (request for all documents concerning requester too broad). Thus, even if the IRS already denied plaintiff's request for all documents containing plaintiff's name, plaintiff has no cause of action based on this denial.

B. The Court dismisses without prejudice plaintiff's motion for detailed justification, itemization, and indexing under *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The Court has

found that the IRS has not denied plaintiff's claim; therefore, a *Vaughn* action is premature. Moreover, *Vaughn* and its progeny require detailed justification, itemization, and indexing when the agency denies a request because the requested information is *exempt* from disclosure under the FOIA, 5 U.S.C. §§ 552(b), 552a(J) & (K). The IRS claims no exemption. Rather, the IRS requires plaintiff to reasonably specify, to the proper location and with the proper identification, the documents she requests.

## VI.

Plaintiff sues the United States of America, the IRS, the Commissioner of the IRS, and various named and unnamed IRS employees for damages for defamation, interference with her business relationships, trespass, and mental suffering. Reading plaintiff's papers together, plaintiff contends that the Commissioner and defendants Wright, Gonzalez, Hicks, and Wong committed these torts in the course of their investigation of plaintiff. Specifically, she asserts that defendants illegally entered plaintiff's residence and seized plaintiff's records, placed plaintiff under surveillance and called plaintiff's husband several times at work, defamed plaintiff during interviews with plaintiff's clients, and scheduled interviews and audits of plaintiff's clients so as to prevent plaintiff's attendance. She also claims that Pierre Fauconnett and Faye Robinson wrongfully denied her FOIA request and she names these individuals as defendants.

■ The Court DISMISSES without prejudice plaintiff's claim against the United States. The United States is a sovereign and, as such, cannot be sued without its consent. *E.g., United States v. Shaw*, 309 U.S. 495, 500–01, 60 S.Ct. 659, 661, 84 L.Ed. 888 (1940); *Garcia v. United States*, 538 F.Supp. 814, 815 (S.D.Tex.1982). The United States has waived this sovereign immunity in suits permitted by the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

§§ 1346(b), 2671–2680. Plaintiff's failure to allege or show that she first filed an administrative claim with the IRS as required by 28 U.S.C. § 2675(a) bars this Court from exercising jurisdiction under the FTCA. *Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir.1978) (per curiam); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir.1982). Thus, plaintiff's action against the United States is premature and is dismissed without prejudice.[5]

■ Plaintiff may not escape the requirement that she exhaust her administrative remedies by suing the IRS or any IRS employee in his official capacity. The FTCA explicitly precludes tort actions against federal agencies, regardless of any statute providing that the agency may sue or be sued. 28 U.S.C § 2679(a); *FDIC v. Citizens Bank & Trust Co.*, 592 F.2d 364, 369 (7th Cir.1979); *James v. FDIC*, 231 F.Supp. 475, 476 (W.D.La.1964). "An action for damages against federal officials in their official capacity is viewed as a suit against the federal government itself, since a judgment would be satisfied by the public treasury, and is thus barred by the doctrine of sovereign immunity." *Garcia v. United States*, 538 F.Supp. 814, 816 (S.D.Tex.1982) (citations omitted). Congress waived sovereign immunity only to the extent that the FTCA grants plaintiff an action against the government. Thus, the action against the IRS and the federal officials in their official capacity is dismissed with prejudice. *See Emch v. United States*, 474 F.Supp. 99 (E.D.Wis.1979).

■ The doctrine of sovereign immunity, however, does not automatically bar actions against federal officials in their individual capacities. Federal officials traditionally enjoyed immunity from tort suits if the official acted within the "outer perimeter of [his] line of duty" and the act "was an appropriate exercise of the discretion which an officer of that rank must possess if the public service is to function effectively...." *Barr v. Matteo*, 360 U.S.

---

**5.** The Court does not reach the merits of plaintiff's claim. The Court notes, however, that plaintiff's action against the United States may be barred by 28 U.S.C. §§ 2680(a), (c).

564, 575, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434 (1959) (plurality opinion). *See also Norton v. McShane*, 332 F.2d 855, 859–61 (5th Cir.1964), *cert. denied*, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965).

The United States Supreme Court recently reviewed the law of immunity and concluded that a federal official is immune from suits under state tort law for acts within the scope of his discretionary duties authorized by law, even if the official acted out of malice or was deliberately misusing his authority. *Butz v. Economou*, 438 U.S. 478, 487–95, 98 S.Ct. 2894, 2900–05, 57 L.Ed.2d 895 (1978). *Accord Williams v. Collins*, 728 F.2d 721, 727 (5th Cir.1984) (absolute immunity of federal official for common law torts arising from acts that "bear some reasonable relation to and connection with his duties" and are "connected with a discretionary function").

▮ The United States Supreme Court, however, has carved out an exception to insure that the law of immunity is consistent with *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens* established that injury to a constitutionally protected interest by federal officials is a compensable injury within the general federal question jurisdiction of the federal courts. In *Butz*, the Court held that a federal official has only a good faith or qualified immunity to *Bivens* actions.[6] 438 U.S. at 500–08, 98 S.Ct. at 2907–11 (applying *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (qualified immunity for state officials)). Under *Butz* and its progeny, officials "performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," regardless of "bare allegations of malice". *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18, 102 S.Ct. 2727, 2737–38, 73 L.Ed.2d 396 (1982) (applying and modifying *Butz*). *See also Barker v. Norman*, 651 F.2d 1107, 1120–22 (5th Cir.1981) (reasonable good faith belief in lawfulness of conduct is defense in *Bivens* action); *Rodriguez v. Ritchey*, 539 F.2d 394, 400 (5th Cir.1976) (same).

▮ In summary, a federal official is immune from suit in a federal district court for state law torts if he acted within the scope of his legally authorized discretionary duties. But federal officials have only a good faith or qualified immunity from constitutional tort suits.

▮ Applying these rules to the plaintiff's action against the defendants individually, the Court dismisses with prejudice plaintiff's state tort action for harassment, defamation, interference with her business relationship, trespass, and mental suffering. The Court finds that the IRS agents and their supervisors were clearly acting within the scope of their authority. Their job is to investigate people who may have violated the internal revenue laws. Nothing in plaintiff's conclusory allegations specifically alleges otherwise. For instance, plaintiff claims that she and her husband are under surveillance and that they have been harassed. Specifically she asserts that defendants have called her husband at work several times. This, she asserts, is part of the conspiracy to destroy her. She does not, however, allege facts that suggest an actionable claim or produce evidence showing that defendants were acting outside of their discretionary authority. As a matter of fact, although plaintiff affirms her allegations, few of her assertions

---

**6.** Certain officials enjoy absolute immunity from suits; for example, the President of the United States, legislators acting in their legislative functions, judges, and officials of the executive branch acting as prosecutors. *See generally Harlow v. Fitzgerald*, 457 U.S. 800, 802, 102 S.Ct. 2727, 2929, 73 L.Ed.2d 396 (1982). None of the defendants here may claim absolute immunity from constitutional tort suits. *See Butz*, 438·

U.S. at 504–06, 98 S.Ct. at 2909–10 (holding that cabinet members have only a qualified immunity). Of course, the cabinet level official has a much broader range of discretion in his policy-making duties than lower level subordinates. *Barker v. Norman*, 651 F.2d 1107 (5th Cir.1981). *See also Lindsey v. United States Government*, 778 F.2d 1143 (5th Cir.1985).

or exhibits meet the first-hand knowledge requirement of Fed.R.Civ.P. 56(e). *See generally* 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil § 2738 (2d ed. 1983).

■ Similarly, the Court dismisses with prejudice plaintiff's action against Pierre Fauconnet and Faye Robinson—the individuals who reviewed plaintiff's FOIA application. The Court has found that these defendants properly handled plaintiff's FOIA request. Plaintiff's unsupported allegation of conspiracy does not create a cause of action or defeat the immunity of these individuals.

■ The Court furthermore dismisses with prejudice plaintiff's *Bivens* action against Agents Wright and Gonzalez. These agents conducted an alleged illegal search of an abandoned house allegedly owned by plaintiff. Assuming that plaintiff has stated a *Bivens* claim, defendants' good faith immunity bars the claim.[7] Agents Wright and Gonzalez have shown in their affidavits that they acted within the scope of their discretionary authority; they searched a house with the permission of a Houston attorney who showed the agents his deed to the property. These are clearly objective circumstances that prima facie establish that the agents were acting within the scope of their authority. This showing shifts the burden of proof to plaintiff who must come forward with "controverting summary judgment materials competent to raise a genuine issue of fact as to whether the [agents] undertook the complained of conduct pursuant to the performance of [their] duties and within the scope of [their] discretionary authority" or that

agents acted in bad faith. *Barker v. Norman*, 651 F.2d 1107, 1126 (5th Cir.1981). Plaintiff claims that the agents are charged with constructive notice of her deed as a public record. Plaintiff, however, has not tendered a copy of this deed. Moreover, it is clearly insufficient to establish bad faith. Again, except for conclusory unsupported allegations of conspiracy, plaintiff has not shown that defendants were acting outside the scope of their duties or in bad faith. Therefore, dismissal is appropriate. *Id.* at 1125–26. *Harlow v. Fitzgerald*, 457 U.S. 800, 817, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982) ("bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of ... discovery"). *See* Fed.R. Civ.P. 56(e).

■ The Court also dismisses with prejudice any *Bivens* claim against the Commissioner and Victor M. Hicks, Group Manager with the Criminal Investigation Division. Plaintiff has not alleged or shown that the Commissioner and Mr. Hicks were present at the search or that they directed or cooperated in the search. Therefore, plaintiff has not stated a claim upon which relief can be granted. *Black v. United States*, 534 F.2d 524, 527–28 (2d Cir.1976). *See also Reimer v. Short*, 578 F.2d 621, 625 (5th Cir.1978) (§ 1983 action), *cert. denied*, 440 U.S. 947, 99 S.Ct. 1425, 59 L.Ed.2d 635 (1979); *Anderson v. Nosser*, 438 F.2d 183, 199 (5th Cir.1971) (same), *modified on other grounds*, 456 F.2d 835 (en banc), *cert. denied*, 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed.2d 89 (1973).

The Court also dismisses plaintiff's action against Special Agent Susan M. Wong. Plaintiff has not pled or shown any in-

---

**7.** In *Hessbrook v. Lennon*, 777 F.2d 999 (5th Cir.1985), the Court recently held that when a plaintiff potentially has a cause of action under *Bivens* and the FTCA and elects to assert a *Bivens* type action instead of under the FTCA, plaintiff must first exhaust the administrative remedies that might provide appropriate relief. Here plaintiff appears to assert both claims simultaneously. The Court believes that the requirements of *Hessbrook* apply. But the Court holds that *Hessbrook* does not preclude the Court from ruling on the qualified immunity defense. Failure to exhaust administrative remedies is a jurisdictional defect under the FTCA because exhaustion is a condition precedent to Congress' waiver of sovereign immunity. The *Hessbrook* requirement is based on policy considerations: therefore, its requirements do not affect the Court's jurisdiction to rule on the immunity defense.

volvement by Ms. Wong in any of the allegedly wrongful acts by other defendants.

In dismissing plaintiff's common law and constitutional tort claims, the Court recognizes the repeated admonitions of the United States Supreme Court: to protect government officials "from undue interference with their duties and from disabling threats of liability," district courts should grant properly supported summary judgment motions that terminate insubstantial lawsuits against government officials. *Harlow*, 457 U.S. at 806–08, 98 S.Ct. at 2732. *See also Butz*, 438 U.S. at 507–08, 102 S.Ct. at 2911.[8]

## VII.

The Court summarily dismisses the other statutory bases of jurisdiction plaintiff pleaded: 28 U.S.C. §§ 1331, 1332, 1338, 1340, 1343, 1346, 1357, 1361; 26 U.S.C. §§ 7214, 7426(a); and 5 U.S.C. §§ 552, 705.

## VIII.

In summary, it is ORDERED, ADJUDGED and DECREED that:

1. plaintiff's motion for default is DENIED;

2. plaintiff will pay into the Registry of the Court, within thirty (30) days of the date this order, the sum of $50.00, to be made payable to the U.S. District Clerk, Southern District of Texas;

3. plaintiff's actions for injunctive relief against the IRS are DISMISSED with prejudice;

4. plaintiff's FOIA action is DISMISSED without prejudice;

5. plaintiff's motion for detailed justification, itemization, and indexing is DENIED;

6. plaintiff's tort actions are DISMISSED as set forth in this order.

**8.** Where the Court has dismissed plaintiff's actions based on defendants' evidence and not for failure to state a claim upon which relief can be granted, the Court applied the standard for sum-

mary judgment under Fed.R.Civ.P. 56(c) set forth in *Harrison v. Byrd*, 765 F.2d 501, 504 (5th Cir.1985).