**Martin E. HECHT, Helen Hecht and the Auravision Corporation, Plaintiffs,**

v.

**UNITED STATES of America, Commissioner of Internal Revenue, Frank Grau, Charles Vassallo, Howard Barschi, Frank R. Lulich and Rosemary Piper, Defendants.**

**Martin E. HECHT and Helen Hecht, Petitioners,**

v.

**DISTRICT DIRECTOR, INTERNAL REVENUE SERVICE, Respondent.**

Nos. 84 Civ. 8154 (JES), 85 Civ. 3028 (JES).

United States District Court, S.D. New York.

May 22, 1985.

Schlesinger & Sussman, New York City, for plaintiffs; Michael Schlesinger, of counsel.

Fishman Forman & Landau, New York City, for plaintiffs; Samuel J. Landau, of counsel.

Rudolph W. Giuliani, U.S. Atty. for the S.D. of N.Y., New York City, for defendants; Frederick M. Lawrence, Asst. U.S. Atty., of counsel.

SPRIZZO, District Judge:

Plaintiffs Martin and Helen Hecht have commenced two lawsuits in connection with actions by the Internal Revenue Service regarding the Hechts and Auravision Corp., of which the Hechts are indirectly 100% owners. In the first action, 84 Civ. 8154 (JES), plaintiffs seek to enjoin an IRS investigation and recover damages for alleged harassment and disclosure of confidential information. In the second action, 85 Civ. 3028 (JES), the Hechts challenge a jeopardy assessment issued against them

by the IRS. Plaintiffs have moved for preliminary injunctive relief in the first action. The Government has moved to dismiss in both actions.

1. *The Jeopardy Assessment—85 Civ. 3028 (JES)*

■ A jeopardy assessment is available pursuant to 26 U.S.C. § 6861 when the IRS determines that collection of taxes is jeopardized because, *inter alia*, a "[t]axpaper is or appears to be designing quickly to place [his] property beyond the reach of the Government by transferring it to other persons, or by concealing it, or removing the proceeds from a sale of the properties from the United States." *See, e.g., Conforte v. United States*, 80–1 U.S.Tax Cas. (CCH) ¶ 9159 (D.Nev.1980).

On March 26, 1985, jeopardy assessments in the amount of $661,052.81 were made with respect to income tax liability of the Hechts for the years 1980, 1982, and 1983. The alleged tax liability arises out of sums withdrawn by the Hechts in those years from Auravision Corp., which the Hechts maintained were loans, but which were determined by the IRS to be taxable dividends. On administrative review pursuant to 26 U.S.C. § 7429(a), the jeopardy assessment was upheld. Plaintiffs commenced this action on April 19, 1985 pursuant to 26 U.S.C. § 7429(b). In accordance with section 7429(b)(2) & (c), the Court ruled on the petition in open court on May 9, 1985. This opinion memorializes that holding.

■ The only issues before the Court are whether the jeopardy assessment is reasonable, as to which the Government bears the burden of proof, and whether the amount of the assessment is appropriate under the circumstances, as to which petitioners bear the burden of proof. *See* 26 U.S.C. § 7429(b)(2) & (g). The amount assessed is presumed to be reasonable. *See, e.g., Pizzarello v. United States*, 408 F.2d 579, 583 (2d Cir.1969); *Loretto v. United States*, 440 F.Supp. 1168, 1172 n. 7 (E.D.Pa. 1977); *see also Helvering v. Taylor*, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623 (1935).

■ The Court may determine these issues in a summary proceeding, on the affidavits filed, and without a hearing, *see, e.g., McAvoy v. United States*, 475 F.Supp. 297, 298, 299 (W.D.Mich.1979); *Haskin v. United States*, 444 F.Supp. 299, 304 (C.D. Cal.1977); *cf. Rogers v. United States*, 511 F.Supp. 82, 84 (D.Minn.1980), and may consider evidence which might not be admissible at a trial, *see, e.g., United States v. Janis*, 428 U.S. 433, 447, 96 S.Ct. 3021, 3028, 49 L.Ed.2d 1046 (1976); *Patrick v. United States*, 524 F.2d 1109, 1115–16 (7th Cir.1975), and which may have been obtained after the assessment was made. *See, e.g., McAvoy, supra*, 475 F.Supp. at 298; *Haskin, supra*, 444 F.Supp. at 304; *Loretto, supra*, 440 F.Supp. at 1173–74. The standard of proof required has been described as something more than the "arbitrary and capricious" test and something less than the "substantial evidence" test. *See, e.g., McAvoy, supra*, 475 F.Supp. at 299; *Loretto, supra*, 440 F.Supp. at 1172.

■ Based on the affidavits submitted, both by the Government and by petitioners, the Court finds that the jeopardy assessment is reasonable. The IRS had reason to believe that the Hechts were liquidating and secreting their assets, in that the IRS had received information that bank and stock accounts had been closed, that the Hechts were attempting to sell their $1,000,000 home, that they had sold interests in two co-ventures, and that they had attempted to place funds outside the United States. The IRS was also aware that Martin Hecht had large potential liabilities as a defendant in a number of pending lawsuits.

The Hechts have disputed these facts and submitted opposing affidavits asserting that the information relied on by the IRS is inaccurate. However, the mere existence of a factual dispute is not sufficient to invalidate a jeopardy assessment. Indeed, if that were the case, few jeopardy assessments could survive, and the congressional scheme enunciated in 26 U.S.C. § 7429(b) would be effectively nullified.

The Court also finds the amount of the jeopardy assessment to be reasonable and appropriate. The amount was determined based upon the undisputed amount of funds withdrawn from Auravision Corp. by the Hechts. Although petitioners challenge the amount of tax due, that is a matter more properly to be resolved before the Tax Court or, if the tax is paid, in a refund action before the United States District Court. *See, e.g., Rogers, supra,* 511 F.Supp. at 84; *Loretto, supra,* 440 F.Supp. at 1174 n. 11, 1175. Indeed, it is the purpose of a jeopardy assessment to keep the matter in *status quo* until the merits of the tax controversy can be so resolved. Therefore, the Government's motion to dismiss the petition is granted in 85 Civ. 3028 (JES).

## 2. *The Action for Injunctive Relief and Damages—84 Civ. 8154 (JES)*

■ With respect to plaintiffs' application for an injunction against further IRS investigation, the Court grants defendants' motion to dismiss. The Anti-Injunction Act, 26 U.S.C. § 7421(a), precludes this Court from enjoining IRS activities reasonably related to the assessment and collection of taxes. The alleged acts of harassment here clearly fall within that definition. In fact, this case is virtually identical to *Black v. United States of America,* 534 F.2d 524 (2d Cir.1976), in which an injunction was denied. *Id.* at 526–27. *See also Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).

■ However, the *Black* court also noted that IRS agents enjoy only qualified immunity and may be liable in damages for their actions. *See* 534 F.2d at 527–28. Therefore, plaintiffs' claims for damages against the agents cannot be dismissed. However, the United States of America is absolutely immune, and the complaint is therefore dismissed as to the United States. *See, e.g., Black, supra,* 534 F.2d at 527 n. 4.

■ Defendants have moved for sanctions pursuant to Fed.R.Civ.P. 11 with respect to plaintiffs' application for injunctive relief. The law is clear, under *Black, supra,* and *Bob Jones, supra,* that there was no reasonable basis to believe that injunctive relief was available in this case. Defendants' motion for sanctions is therefore granted. Defendants shall submit an affidavit of costs and attorneys' fees, not to exceed $500.00.

The parties shall complete all discovery with respect to the damage claims by September 3, 1985. A Pre-Trial Conference shall be held on September 20, 1985 at 10:00 A.M.

It is SO ORDERED.