*Foley v. Commissioner of Internal Revenue*

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2023

(Motion submitted: February 13, 2024      Decided: March 13, 2024)

Docket No. 23-1296

JOSEPH WILLIAM FOLEY,

*Petitioner-Appellant,*

–v.–

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

Before:    KEARSE, PARK, and ROBINSON, *Circuit Judges.*

Petitioner-Appellant Joseph William Foley appeals the dismissal of his deficiency protest as untimely by the United States Tax Court (Kerrigan, *C.J.*). Respondent-Appellee Commissioner of Internal Revenue moves to dismiss Foley's appeal for lack of appellate jurisdiction. We conclude that the Tax Court's decision dismissing Foley's petition as untimely is unreviewable under 26 U.S.C. § 7463(b). We thus **GRANT** the Commissioner's motion to dismiss.

Audrey Patten & T. Keith Fogg, Harvard Tax Clinic, Jamaica Plain, MA; Carlton M. Smith, Esq., New York, NY, *for Petitioner-Appellant*.

David A. Hubbert, Deputy Assistant Attorney General, Michael J. Haungs, Isaac B. Rosenberg, U.S. Department of Justice, Tax Division, Washington, D.C., *for Respondent-Appellee*.

PER CURIAM:

Petitioner-Appellant Joseph William Foley appeals the dismissal of his deficiency protest as untimely by the United States Tax Court (Kerrigan, *C.J.*). The Commissioner of Internal Revenue moves to dismiss Foley's appeal, asserting that this Court lacks jurisdiction to review small tax case decisions under 26 U.S.C. § 7463(b), which provides that "[a] decision entered in any case in which the proceedings are conducted under this section shall not be reviewed in any other court . . . ." Foley responds that because the Tax Court dismissed his petition on jurisdictional grounds, rather than on the merits, § 7463(b) is not an impediment to our appellate jurisdiction.

For the reasons set forth below, we agree with the Commissioner and **GRANT** the motion to dismiss.

**BACKGROUND**

The IRS issued a notice of deficiency to Joseph Foley in 2018 for taxes owed for the 2014 and 2015 tax years. Per 26 U.S.C. § 6213(a), he had 90 days to file a petition in the Tax Court for redetermination of the deficiency. Foley filed a petition disputing the deficiency in 2022, 1,393 days after the deadline, asserting that he never received notice of the deficiency. His petition, filed on a standard form of the United States Tax Court, reflects his election to have his petition reviewed under small tax case procedures.

A taxpayer can elect to seek redetermination of a deficiency under § 7463 if the deficiency amount is under $50,000. 26 U.S.C. § 7463. This process is less formal, and taxpayers often receive a "speedier disposition." *Guidance for Petitioners: About the Court*, United States Tax Court, https://www.ustaxcourt.gov/petitioners_about.html [https://perma.cc/SYY9-S27C] (last visited Feb. 26, 2024); *see also* 5 Jacob Rabkin et al., *Federal Income, Gift and Estate Taxation* § 79.03 (2023) (describing that in a small tax case, which is "designed to enable taxpayers to represent themselves," "any evidence deemed by the court to have probative value is admissible" and "[n]either briefs nor oral argument are ordinarily required"). Underneath the checked box electing the small tax case process, the

3

form included a note indicating that "[a] decision in a 'small tax case' cannot be appealed to a Court of Appeals" by either party. Admin. Record 5.

Upon the IRS's motion, the Tax Court dismissed Foley's petition for redetermination as untimely. In response to the dismissal of his petition, Foley moved to vacate or revise the decision pursuant to Tax Court Rule 162, arguing that he never received the notice. The Tax Court denied his motion, asserting that it lacked authority to extend the petition deadline.[1]

Foley now appeals to this Court, challenging the Tax Court's dismissal of his petition and its denial of his motion to vacate. The Commissioner has moved to dismiss Foley's appeal for lack of appellate jurisdiction in light of 26 U.S.C. § 7463(b).

## DISCUSSION

The question presented by the IRS's motion is whether § 7463(b) precludes appellate review of jurisdictional dismissals of small tax cases. As set forth more

---

[1] Whether § 6213(a)'s 90-day deadline is jurisdictional is the subject of a circuit split. *Compare Culp v. Comm'r*, 75 F.4th 196, 200–02 (3d Cir. 2023) (not jurisdictional), *with, e.g.*, *Tilden v. Comm'r*, 846 F.3d 882, 886–87 (7th Cir. 2017) (jurisdictional). We assume without deciding that the Tax Court correctly concluded that § 6213(a) is jurisdictional because Foley's argument that his appeal to this Court is not foreclosed by § 7463(b) rests on the assumption that the Tax Court dismissed his protest on a jurisdictional basis, rather than on the merits.

fully below, we hold that it does. By its plain language, § 7463(b) precludes our appellate review. The authority Foley relies on to suggest otherwise is inapposite.

As noted above, § 7463(b) establishes that a "decision" under this section "shall not be reviewed in any other court and shall not be treated as a precedent for any other case." 26 U.S.C. ("I.R.C.") § 7463(b). Contrary to Foley's assertions, the Tax Court's dismissal of his petition as untimely was a "decision." Other provisions of the Internal Revenue Code make clear that a "decision" of the Tax Court includes "a decision dismissing a proceeding for lack of jurisdiction." I.R.C. § 7459(c). That subsection expressly describes a dismissal for lack of jurisdiction as a "decision." *Id*. Thus, "decision" as it is used in the Internal Revenue Code, including § 7463(b), encompasses jurisdictional dismissals like that entered by the Tax Court here.

Foley argues otherwise, contending that because the Tax Court dismissed his claim for lack of jurisdiction rather than on the merits, it is reviewable. He relies on this Court's holding in *Wapnick v. United States*, a case in which we concluded that a non-reviewability provision similar to that in § 7463(b) did not preclude a taxpayer from appealing a judgment dismissing the taxpayer's claim *on jurisdictional grounds*. 112 F.3d 74 (2d Cir. 1997).

But *Wapnick* is readily distinguishable. Wapnick sought district court review of an IRS jeopardy assessment against him pursuant to 26 U.S.C. § 7429. *Id.* at 74.[2] The district court dismissed his claim on jurisdictional grounds, concluding that he had failed to exhaust his administrative remedies and his district court action was untimely. *Id.* at 74–75. An issue in *Wapnick* was whether this Court had jurisdiction to entertain the appeal. *Id.* at 74.

We concluded that the statute's restriction on appellate review was limited to determinations "*on the merits* regarding the jeopardy assessment in question." *Wapnick*, 112 F.3d at 74 (citing *Hiley v. United States*, 807 F.2d 623, 626–28 (7th Cir. 1986); *Schuster v. United States*, 765 F.2d 1047, 1049 (11th Cir. 1985)). That's because "determine" is a term of art under § 7429(b)(3)—it refers to a ruling as to the reasonableness of the jeopardy assessment. *See* I.R.C. § 7429(b)(3)(A) ("the court shall *determine* whether or not the making of the assessment . . . is reasonable . . . and the amount so assessed . . . is appropriate")(emphasis added). Accordingly, the restriction on appellate review in § 7429(f)—providing that "[a]ny

---

[2] A jeopardy assessment is a procedure available to the IRS which allows for an immediate assessment or collection of a deficiency, when the Secretary "believes that the assessment or collection of a deficiency . . . will be jeopardized by delay." I.R.C. § 6861(a). It may include a deficiency notice, but is a distinct procedure subject in some circumstances to judicial review in the district court. I.R.C. § 7429(b)(2)(a). *See generally Hecht v. United States*, 609 F. Supp. 264, 267 (S.D.N.Y. 1985) ("the amount of tax due" is not to be determined in a challenge to a jeopardy assessment, as "the purpose of a jeopardy assessment [is] to keep the matter in *status quo* until the merits of the tax controversy can be . . . resolved").

6

*determination* made by a court under this section shall be final and conclusive and shall not be reviewed by any other court"—is limited to rulings as to the reasonableness of the jeopardy assessment (i.e., the merits). *Id.* § 7429(f) (emphasis added).

Accordingly, the limitation in § 7429(f) on appellate review of a district court's "determination" relates to the district court's ruling as to the reasonableness of an assessment, rather than *any* ruling resolving the taxpayer's case. As the Seventh Circuit explained in reaching the same conclusion, the government's position that § 7429(f) bars appellate review of district court jurisdictional rulings "would be more persuasive if § 7429(f) prohibited the review of, for example, all 'decisions,' 'actions,' or 'orders' of a district court made pursuant to that section." *Hiley*, 807 F.2d at 628.

In contrast to the restriction on appellate review in *Wapnick*, the restriction at issue here, § 7463(b), *does* apply to all "decisions," including jurisdictional dismissals. Our holding in *Wapnick* that the restriction in § 7429(f) does not bar appellate review of jurisdictional rulings by the district court in taxpayer challenges to jeopardy assessments does not support Foley's argument that § 7463(b)'s restriction on appellate review is limited to Tax Court merits determinations.

Foley argues in the alternative that the Tax Court's jurisdictional dismissal means that his case never became a "small case," and thus falls outside of § 7463(b)'s appeal waiver. Again, we disagree. Foley commenced proceedings in the Tax Court with an affirmative request that his case be conducted under the small-case procedures. That election took effect immediately. Even after the Commissioner moved to dismiss his petition as untimely, Foley never moved to rescind his small-case election. When the Tax Court dismissed Foley's petition, it thus dismissed a case subject to small tax case procedures.

Accordingly, we lack jurisdiction to adjudicate Foley's appeal of the Tax Court's decisions dismissing his petition and denying reconsideration of that dismissal. Because we dismiss on this jurisdictional basis, we express no opinion on the merits of Foley's challenge. For the above reasons, we grant the Commissioner's motion and **DISMISS** Foley's appeal.