**Luther Albert JAMES,
Plaintiff-Appellant,**

**v.**

**UNITED STATES of America,
Defendant-Appellee.**

**No. 74–1867.**

United States Court of Appeals,
Sixth Circuit.

Feb. 12, 1975.

Charles C. McConnell, McConnell & Hough, Robert A. Kohn, Taustine, Post, Berman, Fineman & Kohn, Louisville, Ky., for plaintiff-appellant.

George J. Long, U. S. Atty., Louisville, Ky., Scott P. Crampton, Gary R. Allen, Asst. Attys. Gen., Meyer Rothwacks, Ernest J. Brown, Jeffery Blum, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from summary judgment in favor of the Government in an action to enjoin the assessment or collection of wagering taxes that the Government claims appellant owes. A jeopardy tax assessment was made, and the complaint sought an injunction to restrain the collection of the tax. District Judge Charles M. Allen entered summary judgment denying the application for injunctive relief.

The complaint alleged that the assessment was made without any basis whatsoever and that the justification asserted by the Government for the assessment was based upon information illegally obtained through the unlawful disclosure of the contents of a wiretap. The Government relies upon 26 U.S.C. § 7421(a), which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . .."

■ In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court held that an attempted tax collection can be enjoined only when it is clear that under no circumstances could the Government ultimately prevail and when equity jurisdiction otherwise requires injunctive relief.

The District Court followed the decisions of this court in Trent v. United States, 442 F.2d 405 (6 Cir. 1971), and in Cole v. Cardoza, 441 F.2d 1337 (6 Cir. 1971). It declined to follow a Fifth Circuit case, Lucia v. United States, 474 F.2d 565 (1973), and a Second Circuit case, Pizzarello v. United States, 408 F.2d 579, cert. denied, 396 U.S. 986, 90 S.Ct. 481, 24 L.Ed.2d 450 (1969), that carved out further exceptions to the statute.

■ Although appellant makes a strong argument questioning the projections as unrealistic, and branding the assessments as an exaction in the guise of a tax, we conclude here, as we held in the two precedents cited above, that the statute means what it says and that appellant has not succeeded in bringing his case within the exception enunciated by the Supreme Court in *Enochs, supra.*

Affirmed.