Luther Albert JAMES,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 74–1867.

United States Court of Appeals,
Sixth Circuit.

Sept. 9, 1976.

Charles C. McConnell, McConnell & Hough, Robert A. Kohn, Taustine, Post, Berman, Fineman & Kohn, Louisville, Ky., for plaintiff-appellant.

George J. Long, U. S. Atty., Louisville, Ky., Scott P. Crampton, Gary R. Allen, Asst. Atty. Gen., Tax Div. Dept. of Justice, Meyer Rothwacks, Ernest J. Brown, Jeffery Blum, Washington, D. C., for defendant-appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

PHILLIPS, Chief Judge.

This case is before the court on remand from the Supreme Court. 424 U.S. 960, 96 S.Ct. 1452, 47 L.Ed.2d 728 (1976).

In a per curiam opinion published at 510 F.2d 860 (6th Cir. 1975), this court affirmed the judgment of the District Court denying an application for an injunction to restrain the assessment or collection of wagering taxes.

On March 22, 1976, the Supreme Court entered the following order:

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Court that the judgment of the said United States Court of Appeals in this cause be, and the same is hereby, vacated with costs; and that this cause be, and the same is hereby, remanded to the United States Court of Appeals for the Sixth

Circuit for further consideration in light of *Commissioner of Internal Revenue v. Shapiro,* 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976).

It is further ordered that the said petitioner Luther Albert James, recover from the United States One Hundred Dollars ($100) for his costs herein expended.

The parties have filed supplemental briefs. The taxpayer contends that, upon authority of the decision of the Supreme Court in *Commissioner of Internal Revenue v. Shapiro,* 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976), this court should reverse the decision of the District Court and enter the injunction as prayed in his complaint and amended complaint. The Tax Division of the Department of Justice asserts that the judgment of the District Court is in accord with the Supreme Court's decision in *Shapiro* and should be affirmed.

We conclude that the taxpayer in the present case has failed to satisfy either prong of the test enunciated in *Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); and that the Government's affidavits meet the requirement that the assessment here in question have a basis in fact under the test enunciated in *Shapiro.*

Accordingly, we adhere to our affirmance of the judgment of the District Court.

The sole question to be decided on remand is whether the affidavits setting forth the basis of the jeopardy assessment, which were filed in support of the Government's motion for summary judgment, satisfied the requirements set forth in *Shapiro* with respect to the obligation of the Government to disclose the factual basis for the assessment in question.

Suits to enjoin the assessment and collection of taxes are prohibited by 26 U.S.C. § 7421. In *Williams Packing* the Supreme Court recognized a narrowly limited judicial exception to § 7421. It was held that the collection of the tax can be enjoined only if (1) under the most liberal view of the law and facts, the Government cannot prevail ultimately with respect to its claim, and (2) the traditional requisites for equitable relief are present. 370 U.S. at pp. 6–8, 82 S.Ct. 1125. In so holding, the Supreme Court noted that the question of whether the Government has a chance of prevailing is to be determined on the basis of information available to it at the time of suit. 370 U.S. at 7, 82 S.Ct. 1125.

We do not read *Shapiro* as departing from the standard enunciated in *Williams Packing,* nor does it relieve the taxpayer of the ultimate burden of persuading a District Court that both of the *Williams Packing* prerequisites for obtaining relief have been established. We construe *Shapiro* to hold that the Government has some obligation to disclose the factual basis for its assessment in response to a discovery request or court order, particularly where "the seizure will injure the taxpayer in a way that cannot be adequately remedied." 424 U.S. at 632, 96 S.Ct. at 1073.

The record in the present case demonstrates to our satisfaction that the facts presented here are different from those presented in *Shapiro* and that the proceedings in the District Court and the decision of this court fall well within the guidelines of *Shapiro.*

In *Shapiro* the Government provided no adequate explanation of assessments against a taxpayer who was scheduled to be extradited to Israel three days later for trial on criminal fraud charges. In the present case the Government disclosed the information required by *Shapiro.* It was upon the basis of this showing that the District Court concluded that the taxpayer could not establish the Government would not prevail under any circumstances.

In *Shapiro,* the Supreme Court said:

The Government may defeat a claim by the taxpayer that its assessment has no basis in fact—and therefore render applicable the Anti-Injunction Act—without resort to oral testimony and cross-examination. Affidavits are sufficient so long as they disclose basic facts from which it appears that the Government may prevail. At 633, 96 S.Ct. at 1074.

The motion of the Government for summary judgment was supported by the affi-

davits of James D. Morgan, Internal Revenue Special Agent, and FBI Agent Anthony Adamski. These affidavits showed that the jeopardy assessment was based on findings that the taxpayer was engaged in the business of accepting wagers, pursuant to which he had received gross daily wagers of $7,000 for each day (except Sundays) from July 1, 1968, through September 30, 1972. Information had been obtained from four court-authorized wiretaps, which disclosed an average of over 200 calls per day and an average of more than $7,000 in daily gross wagers. The affidavits further disclosed the following information:

(1) That the taxpayer had stated to another Special Agent that he had been taking horse racing wagers since 1967;

(2) In March 1970, the taxpayer had been arrested with two others and charged with bookmaking. The taxpayer's brother-in-law, Donald Scott, was arrested in April 1970, at a shopping center owned by the taxpayer, and certain gambling records were seized. The taxpayer, claiming that these records were his, sought to have them returned;

(3) After an FBI gambling raid in May 1972, two bettors told FBI agents that they had been placing bets with the taxpayer's brother-in-law for two years; and

(4) Gordon LeGrande, a known associate of the taxpayer, was arrested in November 1971, and charged with the distribution of football wagering tickets. At the time, LeGrande was driving a James Vending Machine truck, and using it for the transportation of these illegal wagering tickets.

It also was shown to the District Court that on November 2, 1973, the taxpayer, along with certain other individuals, pleaded guilty to one count of an indictment which charged them with conspiring to violate the gambling laws of the United States, to wit: 18 U.S.C. § 1655. Subsequently, the District Court received a formal plea of guilty from the taxpayer and sentenced him in accordance with that plea.

The taxpayer, on the other hand, made nothing more than conclusory allegations that the Government had no factual foundation to support the assessment and that the assessment was arbitrary and capricious.

Our re-examination of the record convinces us that the Government has satisfied the requirement of *Shapiro* that it show a factual basis for the assessment and that the taxpayer has failed to establish that the Government cannot prevail on the merits under any circumstances. Therefore, the District Court was correct in denying injunctive relief.

Further, the taxpayer has failed to demonstrate that he does not have an adequate remedy at law. He has not shown why he could not test his liability by paying the tax on one wager and filing suit for a refund. See *Vuin v. Burton*, 327 F.2d 967 (6th Cir. 1964).

The judgment of the District Court is reaffirmed. No costs are taxed in this court. Each party will bear his own costs in the Court of Appeals.