Phillip Dwyer McAVOY, Plaintiff,

v.

INTERNAL REVENUE SERVICE and
United States of America, Defendants.

No. G 79–266 CA 6.

United States District Court,
W. D. Michigan.

July 3, 1979.

Lawrence J. Montei, Kalamazoo, Mich., for plaintiff.

James Brady, U. S. Atty., Grand Rapids, Mich., Robert G. Nath, Dept. of Justice, Grand Rapids, Mich., for defendant.

## OPINION AND ORDER

MILES, District Judge.

This cause comes before the Court in the form of an action for summary review of a termination assessment made against plaintiff on February 14, 1979. The termination assessment was made pursuant to 26 U.S.C. § 6851 and was in the amount of $107,908 for the taxable year of 1978 and $3,485 for the taxable year of 1979. At plaintiff's request, the Secretary of the Treasury has reviewed the reasonableness of the assessment in accordance with 26 U.S.C. § 7429(a), and affirmed the District Director. Plaintiff now seeks judicial review of the termination assessment.

Section 7429 provides for the expedited administrative and judicial review of termination assessments. Under this new procedure, the district court is to make independent *de novo* determinations as to whether the making of the termination assessment is reasonable under the circumstances and as to whether the amount assessed or demanded is appropriate under the circumstances. In determining whether the making of the termination assessment is reasonable and whether the amount assessed is appropriate, the Court is not limited to consideration of the information available to the Internal Revenue Service at the time of the assessment. The Court must also consider any information bearing on these issues which subsequently becomes available. *Haskin v. United States,* 444 F.Supp. 299, 304 (C.D.Cal.1977); *Loretto v. United States,* 440 F.Supp. 1168, 1173–1174 (E.D.Pa.1977); *Canon v. United States,* [1977] Fed.Ex.Tax Rep. (CCH) (77–2 U.S. T.C.) ¶ 16,270 (D.Nev.1977).

In the instant matter, it is clear that the Court is not required to make a determination as to actual liability. *Haskin v. United States, supra,* at 304; *Loretto v. United States, supra* at 1175; *Canon v. United States, supra.* This is merely a proceeding by which the Court is to make determinations as to the reasonableness and appropriateness of a termination assessment. Counsel for plaintiff has suggested that in making these determinations, the Court must conduct a full evidentiary hearing.[1] The Court disagrees with this contention. From its reading of section 7429 and its legislative history, the Court concludes that Congress intended that a district court was empowered to conduct a summary proceeding in order that independent determinations as to the reasonableness and appropriateness of a termination assessment be made. *See, e. g., Santini v. United States,* [1979] Fed.Taxes (PH) (43 A.F.R.T.2d) ¶ 79885; *Haskin v. United States, supra* at 304; *Canon v. United States, supra.*

In this proceeding, it is undisputed that the government has the burden of proof as to whether the making of the termination assessment is reasonable. A termination assessment may be made under 26 U.S.C. § 6851(a)(1) when the Secretary of the Treasury finds that a taxpayer "designs quickly . . . to do any . . . act . . . tending to prejudice or to render wholly or partially ineffectual proceedings to collect the income tax for the current or the immediately preceding taxable year . . . ." The legislative history of section 7429 indicates that a termination assessment under 26 U.S.C. § 6851(a)(1) is reasonable when at least one of the following three conditions is met:

---

1. This argument was made orally at the hearing on June 25, 1979.

(1) The taxpayer is or appears to be designing quickly to depart from the United States or to conceal himself;

(2) The taxpayer is or appears to be designing quickly to place his property beyond the reach of the Government either by removing it from the United States, or by concealing it, or by transferring it to other persons, or by dissipating it; or

(3) The taxpayer's financial solvency appears to be imperiled.

*See* Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1976, H.R.Doc.No.10612, 94th Cong., 2d Sess. 361 n. 1 & 536 n. 1 (1976).

After careful review and consideration of the affidavits submitted by the government, the Court is of the opinion and so holds that the making of the termination assessment is "reasonable under the circumstances." Specifically, the plaintiff's alleged involvement in a major drug trafficking operation, the cash in excess of $150,000 found in plaintiff's possession which he claims belong, to him, and the information included and not included in prior tax returns,[2] when taken together make it "reasonable under the circumstances" to conclude that the plaintiff was concealing himself and his property from the Internal Revenue Service.

Moreover, the plaintiff has failed to submit any evidence in support of his claim that the assessment is not reasonable under the circumstances. But even if the Court were to assume *arguendo* that the plaintiff's factual allegations are supportable, the Court still finds the within termination assessment to be supported by substantial evidence. Under section 7429, "reasonable under the circumstances" means something more than "not arbitrary or capricious" and something less than "supported by substantial evidence." *Santini v. United States, supra; Loretto v. United States, supra* at 1172.

Nor does the submission of evidence in affidavit form alter the Court's holding.

Such submissions are permissible, *see, e. g., Commissioner v. Shapiro,* 424 U.S. 614, 632–633, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976); *James v. United States,* 542 F.2d 16 (6th Cir. 1976), *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977), especially when, as here, the agent, Jack Knee, whose affidavit the Court relies upon in making its determination, was present and available at the hearing and was not called or subjected to any form of examination by the plaintiff.

With respect to determining whether the amount assessed is appropriate under the circumstances, subsection (g)(2) of section 7429 provides that the taxpayer shall carry the burden of proof. Plaintiff has presented no evidence in support of his claim that the amount assessed herein is inappropriate and therefore the Court has no recourse but to find the amount assessed to be "appropriate under the circumstances."

Accordingly, for the reasons set forth above, the relief prayed for by the plaintiff Phillip Dwyer McAvoy is denied. Plaintiff shall take nothing by his complaint and this action is hereby dismissed with prejudice.

IT IS SO ORDERED.

---

2. This, of course, only highlights the evidence submitted by the government in support of its claim.