Essie L. NORRIS, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 80–2517.

United States District Court,
W. D. Tennessee, W. D.

June 26, 1981.

James T. Reed, Jr., Manire & Pemberton, Memphis, Tenn., for plaintiff.

Rebecca Webb Wilson, Asst. U. S. Atty., Memphis, Tenn., Robert E. Rice, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

ORDER

WELLFORD, District Judge.

On September 24, 1980, the Court held a hearing on plaintiff's motion for a temporary restraining order. At the hearing, plaintiff sought to enjoin the Internal Revenue Service (IRS) from levying on her home as part of an attempt to collect delinquent taxes. The IRS attempted to invoke 26 U.S.C. § 7426, which is an anti-injunction statute for tax collection cases. At the close of the hearing, the Court, in an attempt to preserve the status quo, ordered that plaintiff be restrained from transferring her interest in the property and that the IRS temporarily cease its attempts to levy on the property. The Court also ordered plaintiff to pay the tax due on the salary of F. A. Norris, Jr. for all quarters at issue. The IRS has now moved to dismiss this case on the ground that plaintiff is not entitled to injunctive relief at this time.

In *Enochs v. Williams Packing Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court recognized a narrow exception to the general rule that injunctions cannot be granted against an impending tax levy. That exception was when 1) under the most liberal view of the law and facts, the government could not prevail on its claim; and 2) the traditional requisites for equitable relief were present. *Id.* at 6–8, 82 S.Ct. at 1128–1129; *James v. United States*, 542 F.2d 16, 17 (6th Cir.), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1976). Based upon the facts and authority presented at the hearing and in the memoranda submitted by the parties, the Court holds that plaintiff has not carried her burden of proving that under no set of circumstances could the IRS prevail in its assessment. Thus, plaintiff cannot meet the first part of the *Enochs* test.

The IRS' basis for the tax assessment against plaintiff for the delinquent employee withholding taxes was that she was a "responsible person" within the meaning of 26 U.S.C. § 6672. At the hearing, the testimony of plaintiff and Revenue Officer Jack Barr established that plaintiff was the secretary and treasurer of the corporation that

failed to pay the taxes in question. Furthermore, she had signature authority on the corporate bank accounts and signed payroll checks. In addition, plaintiff wrote herself a $30,000 check during the time that the corporation was in default on its withholding tax liability.

Given these facts, the Court finds that the IRS has more than a mere possibility of establishing validity of the assessment. Under these circumstances, the *Enochs* decision compels this Court to dismiss plaintiff's suit for injunctive relief. This, of course, does not decide whether plaintiff is herself ultimately responsible for payment of the tax or not, but merely requires her to seek her available remedies at law rather than an injunction.

This suit for injunctive relief is, therefore, dismissed.