David J. MILLER, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. C 85–7412.

United States District Court, N.D. Ohio, W.D.

June 13, 1985.

Richard S. Lynch, Norwalk, Ohio, for plaintiff.

Thomas Jones, U.S. Dept. of Justice, Tax Div., Northern Region, Washington, D.C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOHN W. POTTER, District Judge:

This cause came to be heard upon plaintiff's complaint to review defendant's jeopardy assessment made against plaintiff. This action is brought under federal statutory law. Plaintiff predicates jurisdiction upon 28 U.S.C. § 1340 and 26 U.S.C. § 7429.

Plaintiff asserts that the United States Internal Revenue Service (hereafter Service) made a jeopardy assessment in the amount of $9,862,142.00 against him. He further asserts that by certified mail he thereafter sought, and subsequently received, administrative review of said jeopardy assessment by the Secretary of the Internal Revenue Service. Plaintiff contends that the Secretary "denied ... Plaintiff's Request for Administrative Review of the Jeopardy Assessment in issue." Having claimed that the jeopardy assessment is

unreasonable both as to circumstances and as to amount, plaintiff seeks judicial review by this Court of said jeopardy assessment.

Defendant acknowledges that following plaintiff's criminal conviction and sentencing the Service made a jeopardy assessment against plaintiff in the amount of $9,862,142.00 for the years 1972 through 1981. Defendant contends that the jeopardy assessment was reasonable under the circumstances because of the specific facts of this case, *inter alia*, to wit: that plaintiff was convicted of crimes involving international trafficking in drugs; that after being indicted, but before being convicted and sentenced, plaintiff was a fugitive from justice living under an assumed name in a foreign country; that he has or had money in foreign bank accounts; that plaintiff admitted that certain of his property was held in the names of third persons; that plaintiff has given to his wife his power of attorney enabling her to convey and convert his personal and real property into cash; and that plaintiff failed to report almost $4,000,000.00 in additional income tax. Defendant further asserts that the amount of said jeopardy assessment, having been derived from information submitted to the Service through plaintiff's attorney, was and remains appropriate. The defendant contends that, under the circumstances of this case, the Service both acted reasonably in making the assessment and assessed an appropriate amount.

Both plaintiff and defendant submitted pre-hearing memoranda or briefs. An evidentiary hearing was held on April 26, 1985 and May 14, 1985. Upon instruction of the Court, both parties submitted supplemental memoranda or briefs and proposed findings of fact and conclusions of law. Initially, the parties stipulated that the Court might render its determination by June 1, 1985. Pursuant to plaintiff's request, an extension was granted until May 31, 1985 for the parties to submit their proposed findings of fact and conclusions of law. Both parties later advised the Court of their consent to the Court rendering its determination by June 10, 1985. Plaintiff thereafter, on June 5, 1985, filed his revised proposed findings of fact and conclusions of law.

■ The Court is presented with two issues: first, whether or not the making of the jeopardy assessment under 26 U.S.C. § 6861 is reasonable under the circumstances, 26 U.S.C. § 7429(b)(2)(A), and second, whether or not the amount so assessed is appropriate under the circumstances, 26 U.S.C. § 7429(b)(2)(B). The burden of proof with regard to reasonableness or appropriateness under the circumstances of making the jeopardy assessment is upon defendant, 26 U.S.C. § 7429(g)(1), and the burden of proof with regard to reasonableness or appropriateness under the circumstances of the amount so assessed is upon plaintiff, 26 U.S.C. § 7429(g)(2). The Court having considered both the briefs and memoranda and the proposed findings of fact and conclusions of law of both parties, and having thoroughly reviewed the record in this case, has made its own independent determination of the facts in this case and the legal conclusions to be drawn therefrom. The Court determines *de novo* both that the Service's jeopardy assessment made under 26 U.S.C. § 6861 against plaintiff is reasonable under the specific circumstances of this case and that the amount so assessed by the Service as a result of the action taken, pursuant to 26 U.S.C. § 6861, is appropriate under the specific circumstances and facts of this case.

### Findings of Fact

1. Although he is presently incarcerated in the Federal Correctional Institution in Milan, Michigan, plaintiff asserts, uncontested by defendant, Ohio residency within the Northern District of Ohio.

2. Plaintiff is married to Mary Lee Miller, nee: Labay.

3. Plaintiff was indicted by a federal grand jury in Cincinnati, Ohio in Case No. CR 1–82–047 on May 5, 1982, and in Case No. CR 1–82–059 on June 9, 1982. A superseding indictment in Case No. CR 1–82–047 was filed July 25, 1984.

4. Sometime after initial indictment, plaintiff left the United States. Plaintiff and his wife were located, arrested and detained in Holland. Plaintiff and his wife were then using the assumed names of Leon Von der See and Marion Von der See, respectively. Plaintiff and his wife waived extradition and were subsequently returned to the United States in June, 1984.

5. On October 5, 1984, plaintiff signed a prepared statement of facts, representing both that he had read said statement and that he did not contest the assertions therein made.

6. On October 8, 1984, plaintiff entered into a written plea agreement with the United States Attorney for the Southern District of Ohio.

7. From 1972 to 1981, plaintiff headed a conspiracy along with others, and in which he had a proprietary interest, to illegally import and distribute large quantities of marijuana (approximately 150,000 pounds) from Colombia, South America. Substantial sums of cash were transported from the United States to Colombia, South America to purchase the marijuana. Plaintiff failed to report such transportation of monetary instruments in excess of $5,000.00 from the United States to Colombia, South America.

8. For the calendar years 1979 and 1980, plaintiff caused to be filed United States income tax returns to which he subscribed and in which he failed to report his earnings from the aforementioned illegal marijuana operation.

9. On October 20, 1984 in the United States District Court for the Southern District of Ohio, plaintiff pled guilty to conspiracy to import marijuana, to intentionally failing to report the transportation of monetary instruments in excess of $5,000.00 from the United States to a place outside the United States, and to willfully and knowingly filing false federal income tax returns for the years 1979 and 1980.

10. In November, 1984 in an attempt to resolve his civil tax liabilities and avail himself of item 3A of the plea agreement, plaintiff's attorney submitted to Service Agent Peter Hugenberg a detailed "spread-sheet" or schedule which contained, among other items, detailed computations regarding the amounts of illegal income derived from the marijuana importation operation for the years in question.

11. On January 28, 1985, plaintiff was sentenced in the United States District Court for the Southern District of Ohio to sixteen years in prison. Further, on January 28, 1985, the Service, pursuant to 26 U.S.C. § 6861, made the jeopardy assessment against plaintiff for tax years 1973 through 1980. Also on January 28, 1985, the Secretary sent, pursuant to 26 U.S.C. § 7429(a)(1), a "Notice of Jeopardy Assessment and Right of Appeal" to plaintiff, which notice contained a written statement of the information upon which the Secretary relied in making such assessment. The amount assessed by said jeopardy assessment was, and remains, $9,862,142.00, consisting of tax ($3,806,643.00), penalties ($2,126,756.00), and interest ($3,928,743.00) regarding said tax years. The amount assessed was based on information contained in the "spread-sheet" or schedule submitted to the Service by plaintiff's counsel, in the various indictments, and in the aforementioned statement of facts.

12. On February 26, 1985, plaintiff, pursuant to 26 U.S.C. § 7429(a)(2), requested administrative review of the jeopardy assessment by the District Director of the Service.

13. On April 11, 1985, plaintiff, pursuant to 26 U.S.C. § 7429(b)(1), brought this action for judicial review, pursuant to 26 U.S.C. § 7429(b)(2), of the subject jeopardy assessment.

14. In accordance with item 3B of the plea agreement, plaintiff paid $1,750,000.00 in cash to the United States of America prior to sentencing, approximately $800,-000.00 of which was to be provided from plaintiff's numbered bank account with the Foreign Commerce Bank (FOCO), Geneva, Switzerland.

15. Certain real property located in Colorado allegedly belonging to plaintiff is or

was held in the name of a third person nominee, Robert Smith.

16. Plaintiff heretofore gave his power of attorney to his wife enabling her to convert and convey real and personal property belonging to plaintiff.

17. Plaintiff's wife converted the contents of one suitcase containing a large sum of musty-smelling cash and the contents of one suitcase containing krugerands and other gold coins into negotiable instruments.

18. Plaintiff has used, at one time or another, several assumed names, to wit: Richie Miller, Ralph Miller, Richard Wells, John Nash, and Leon Von der See.

19. During the eight year period which is the subject of the jeopardy assessment, plaintiff failed to report substantial amounts of income which he derived from the illegal importation, distribution, and sale of marijuana. Plaintiff was involved in a conspiracy which illegally imported 150,000 to 160,000 pounds of marijuana, the "street value" of which is approximately $250.00 to $260.00 per pound.

### Conclusions of Law

1. Jurisdiction over both the subject matter of this cause and all the parties is proper in this Court. 28 U.S.C. § 1346(e); 26 U.S.C. § 7429. Further, this case is properly venued in this Court. 28 U.S.C. § 1402(a)(1); 26 U.S.C. § 7429(e).

■ 2. The Court's review in the case *sub judice* is not plenary, but rather summary in nature. *Marranca v. United States*, 587 F.Supp. 663, 668 (M.D.Pa.1984). Section 7429(b) of Title 26 of the United States Code, which provides for judicial review of a jeopardy assessment, contemplates that the court will make its own independent *de novo* determination of whether or not the making of the subject jeopardy assessment was reasonable under the circumstances and whether or not the amount so assessed is appropriate under the circumstances. 26 U.S.C. § 7429(b)(2)(A), (B). See, e.g. *Marranca v. United States, supra*, at 668; *Nolan v.*

*United States*, 539 F.Supp. 788, 790 (D.Ariz.1982); *Loretto v. United States*, 440 F.Supp. 1168, 1170 (E.D.Pa.1977).

3. The standard of reasonable or appropriate under the circumstances has been construed to mean something that is more than merely "arbitrary or capricious," but, nonetheless, is less than "supported by substantial evidence." *Loretto v. United States, supra*, at 1172. Cf. *McAvoy v. Internal Revenue Service*, 475 F.Supp. 297, 299 (W.D.Mich.1979); *Cantillo v. Coleman*, 559 F.Supp. 205, 207 (D.N.J. 1983); *Nolan v. United States, supra*, at 790.

4. A jeopardy assessment is made regarding a tax year which has ended and for which the due date for filing has passed. See; e.g., *Nolan v. United States, supra*, at 789; *Marranca v. United States, supra*, at 664. See generally *Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976).

■ 5. The scope of this Court's review clearly requires neither a determination of plaintiff's actual liability, if any, nor a determination of the amount of any deficiency. *Nolan v. United States, supra*, at 790; *McAvoy v. Internal Revenue Service, supra*, at 298; *Loretto v. United States, supra*, at 1175; *Cantillo v. Coleman, supra*, at 207. In fact, plaintiff's ultimate tax liability, if any, is irrelevant to this Court's review and determination. *Bremson v. United States*, 459 F.Supp. 121, 125 (W.D. Mo.1978).

■ 6. In reaching its determination, the Court may consider any information relevant to the issues of reasonableness of the assessment and of appropriateness of the amount so assessed. The Court's review is not limited to only that information which was available to the Service at the time the jeopardy assessment was made. See, e.g., *McAvoy v. Internal Revenue Service, supra*, at 298; *Berkery v. United States*, 544 F.Supp. 1, 5 (E.D.Pa.1982); *Revis v. United States*, 558 F.Supp. 1071, 1074–75 (D.R.I.1983).

■ 7. The Court finds that for purpose of this review the plea agreement, the several indictments, the statement of facts, and the "spread-sheet" or schedule supplied by plaintiff's counsel to Service Agent Hugenberg are neither unavailable to the Court nor inadmissible into evidence under Fed.R.Evid. 408 and 410. The Court further finds that the evidence is ample to support the Service's determination of jeopardy. Notwithstanding, the Court makes no determination nor should any inference be so drawn as to whether the information available to or relied upon by the Court or by the Service in determining jeopardy is admissible, regarding either form or content, during a subsequent trial on the merits. *Marranca v. United States, supra,* at 668.

■ 8. In order to establish that the making of a jeopardy assessment is reasonable under the circumstances, the Service "need only establish that the taxpayer's circumstances *appear* to be jeopardizing collection of a tax—not whether they definitely do so." *Cantillo v. Coleman, supra,* at 207. Several factors are generally considered by the Service in determining jeopardy, to wit: taxpayer is or appears to be planning to quickly depart from the United States to conceal himself; taxpayer is or appears to be designing to place his property beyond the reach of the government, either by removing it from the United States or concealing it, or by transferring it to other persons, or by dissipating it; taxpayer's financial solvency appears to be imperiled; taxpayer has either filed no income tax return in recent years or has failed to report substantial income; taxpayer has been involved in an illegal enterprise from which he has derived income but failed to report same; and taxpayer has or appears to be attempting to secrete himself by use of assumed names.

■ The Court finds that the Service reasonably based its decision regarding the necessity of making a jeopardy assessment against plaintiff on the following factors: plaintiff had once fled the country while under criminal indictment, the Service's assumption that the suspected tax deficiencies were large, taxpayer had pled guilty to tax law violations, taxpayer allegedly held property in Colorado under nominee names, plaintiff's counsel had informed the Service that plaintiff had "money on the street," taxpayer had money in a numbered foreign bank account, taxpayer had a substantial amount of money in cash and gold coins, and taxpayer's wife had his power of attorney.

9. It is well established that income from unlawful activities must be included in taxpayer's gross income for tax computation purposes. U.S. CONST. amend XVI; 26 U.S.C. § 61. See, e.g., *James v. United States,* 366 U.S. 213, 218–20, 81 S.Ct. 1052, 1054–56, 6 L.Ed.2d 246 (1961); *Loretto v. United States, supra,* at 1174 n. 10.

10. When plaintiff on October 20, 1984 entered his guilty plea pursuant to the plea agreement, he thereby admitted to the facts charged in the specific counts of the indictments to which he pled guilty.

11. The Court finds that the making of the jeopardy assessment under 26 U.S.C. § 6861, in light of all the relevant circumstances, both then and now, was reasonable. The Court thus concludes as a matter of law that defendant has sufficiently met its burden of proof, 26 U.S.C. § 7429(g)(1), of demonstrating that the jeopardy assessment was reasonable under the circumstances. See, e.g., *Revis v. United States, supra,* at 1078–79; *Loretto v. United States, supra,* at 1174. Plaintiff's argument that the jeopardy assessment is invalid because he is presently incarcerated, and therefore, does not have the present ability either to secrete himself or his assets from the Service or to dissipate his assets, is not persuasive. See, e.g., *Loretto v. United States, supra,* at 1174; *Amyx v. United States,* 529 F.Supp. 98, 100 (S.D.Ohio 1981).

■ 12. The amount assessed by the Service is rebuttably presumed to be appropriate and reasonable. *Revis v. United States, supra,* at 1179; *Amyx v. United*

*States, supra,* at 100; *Nolan v. United States, supra,* at 791.

13. The Court finds that the amount of the jeopardy assessment, $9,862,142.00, so assessed is both appropriate and reasonable with particular regard to plaintiff considering the specific facts and surrounding circumstances of this case. The Court concludes as a matter of law that plaintiff has failed to meet his burden of proof, 26 U.S.C. § 7429(g)(2), of demonstrating that the amount so assessed by the Service, pursuant to 26 U.S.C. § 6861, is inappropriate or unreasonable under the circumstances. See, e.g., *Clarendon Ltd. v. United States,* 573 F.Supp. 106, 107 (S.D.N.Y.1983); *Felkel v. United States,* 570 F.Supp. 833, 841 (D.S.C.1983).

14. The Court finds for defendant and against plaintiff. Accordingly, it is

ORDERED that judgment be, and it hereby is, entered for defendant and against plaintiff; and it is

FURTHER ORDERED that plaintiff's complaint be, and it hereby is, dismissed with prejudice.