**James R. SCHMITT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. Civ. 6–87–224.**

United States District Court,
D. Minnesota,
Sixth Division.

June 17, 1987.

Brian W. Rude, Resnick & Bartsh, Minneapolis, Minn., for plaintiff.

Thomas D. Sykes, U.S. Dept. of Justice, Washington, D.C., for defendant.

### ORDER

DEVITT, District Judge.

This is a jeopardy assessment action pursuant to 26 U.S.C. § 7429(b). At issue is whether the making of jeopardy assessments for 1983 through 1985 and a termination assessment for 1986 is reasonable under the circumstances and whether the amounts so assessed are appropriate under the circumstances.

Schmitt's action came on for summary hearing on June 8, 1987, at which time the court solicited from the parties facts supporting jurisdiction. The parties failed to provide such facts by the end of the hearing and the court dismissed the action for

lack of jurisdiction, giving the parties leave to file evidence supporting jurisdiction.

It appearing from plaintiff's affidavit, submitted on June 11, 1987, that plaintiff requested administrative review pursuant to § 7429(a)(2) on February 17, 1987, and timely commenced this action for judicial review, the court vacates its June 8 order dismissing the action for lack of jurisdiction. The court, having considered the evidence produced at the June 8 hearing, now finds that the assessments are reasonable and appropriate.

At the hearing the government presented, through two IRS agents, a variety of evidence to show that the assessments are reasonable and appropriate under 26 U.S.C. § 7429(g). While there are three main reasons for making jeopardy or termination assessments, IRS Reg. § 1.6851–1(a)(1), the government presented evidence relevant to only one of those reasons, *i.e.,* the taxpayer is or appears to be planning to quickly place his property beyond the reach of the IRS either by removing it from the United States, concealing it, dissipating it or transferring it to other persons. In relation to that reason for making a jeopardy or termination assessment, the government showed that plaintiff may have tried to conceal his money by holding over $1.5 million in the bank's name, by holding a similar amount of money in his wife's name and by withdrawing approximately $165,000 over a thirteen day period in quantities small enough to avoid federal currency transaction reporting requirements.

Taking the above uncontroverted hearing testimony as proven for purposes of this limited-purpose summary hearing, the government has shown that the making of the assessments is reasonable under the circumstances. While the evidence does not *conclusively* establish that plaintiff is attempting to conceal his money from the IRS and that such concealment appears to jeopardize the collection of taxes, the making of the assessment under these circumstances is "reasonable" under the applicable standard, *i.e.,* not "arbitrary or capricious" yet something less than "supported by substantial evidence." *Loretto v. Unit-*

*ed States,* 440 F.Supp. 1168, 1172 (E.D. Penn.1977). Even if plaintiff has, as his counsel hypothesizes, over $1 million that the IRS did not previously know about, which sum might more than satisfy the balance owed on the jeopardy and termination assessments, the continuation of plaintiff's alleged concealment of his money may jeopardize collection of plaintiff's assessed taxes. The government need only show that plaintiff's actions *appear* to jeopardize collection, not that they will necessarily do so. *Miller v. United States,* 615 F.Supp. 781, 786 (N.D.Ohio 1985).

Having found the making of the assessment reasonable, the next inquiry is whether the amount of the assessment is appropriate. The government originally assessed plaintiff for about $2.3 million, including penalties for 1983–86 using the "currency expenditure" method. Later, when the government prepared the notice of deficiency, it took into account certain non-taxable income and revised the assessment downward to about $2 million. "[I]n the absence of other evidence made available to the Internal Revenue Service before the proceeding or during the proceeding, an estimate of the taxpayer's liability ... will be presumed to be reasonable." S.Rep. No. 938, 94th Cong., 2nd Sess. 365, *reprinted in* 1976 U.S.Code Cong. & Admin. News, 2897, 3794–95. Thus, the taxpayer has the burden of showing that the amount of the assessment is not appropriate. 26 U.S.C. § 7429(g)(2).

During the hearing, plaintiff's attorney elicited from the government's main witness that the government was not aware that plaintiff may have held over $1 million in stocks in 1982 and that the government failed to account for this or to even establish plaintiff's net worth prior to 1983. Plaintiff did not testify on his own behalf, nor did he call any witnesses. Rather, he attempted to prove that the assessment is inappropriate by attacking the government's methodology and suggesting another methodology, failing to substantiate his argument with facts. A mere attack on the government's methodology based upon hypothetical facts is in-

**902**

sufficient to carry plaintiff's burden on the appropriateness of the amount of the assessment. *Robinson v. Bayle*, 80–2 USTC para. 9524 (E.D.Va.1980). It is very difficult for a taxpayer to meet his burden on this issue where he remains mute and does not call any witnesses. *Auth v. United States*, 79–2 USTC para. 9726 (D.Utah 1979). Plaintiff's limited cross-examination of the government's witnesses based upon hypothetical facts which were never introduced into the record by testimony or documents failed to rebut the presumption that the amount of assessment is appropriate.

Based upon the foregoing, all the evidence adduced at the hearing, arguments of counsel, and all files, records and proceedings herein,

IT IS ORDERED that:

All relief requested in plaintiff's amended complaint is denied and the amended complaint is dismissed with prejudice.