**Anthony and Shirley OLBRES, Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE, An Agency of the United States; Peter Goodwin, IRS Revenue Officer; Charles Arcidiacono, IRS Revenue Officer; William Simoneau, IRS Special Agent; Frederick McCalister, IRS Special Agent; Paul M. Harrington, IRS District Director; and Michael A. Tomhari, IRS Agent, Defendants.**

Civ. No. 93–417–M.

United States District Court, D. New Hampshire.

Nov. 10, 1993.

Steven J. Gordon, Concord, NH, for plaintiffs.

Thomas R. Jones, Washington, DC, for defendants.

## ORDER

McAULIFFE, District Judge.

A Grand Jury indicted plaintiffs on federal tax evasion charges in April of this year. On July 25, 1993, the Internal Revenue Service (IRS) issued a jeopardy assessment against them in the amount of $1,857,600.96, representing past due income tax, penalties, and interest for tax years 1986 through 1988.

The following day four IRS agents went to the Olbres' home to serve the jeopardy assessment. They seized a 1987 Range Rover automobile that was parked in the driveway, and later levied upon the Olbres' bank accounts, albeit somewhat unproductively.

Plaintiffs began this action by filing a Verified Complaint To Enjoin Further Jeopardy Assessments and Seizures of Property pursuant to Fed.R.Civ.P. 65. A hearing was held on September 2, 1993, at which the parties agreed that injunctive relief against the IRS is barred by the Anti–Injunction Act. 26 U.S.C. § 7421. To avoid unnecessary delay, the parties further agreed to consider the petition as one for judicial review of the jeopardy assessment under 26 U.S.C. § 7429(b), and to proceed with the hearing on that basis.

■ If the collection of income tax will be jeopardized by delay, the IRS is statutorily authorized to expedite collection by immediate levy, via a jeopardy assessment, upon a taxpayers' property. 26 U.S.C. §§ 6861, 6862; *Burd v. United States,* 774 F.Supp.

903, 905 (D.N.J.1991). Judicial review of a jeopardy assessment is available, but that review is limited to de novo consideration of 1) whether the jeopardy assessment was reasonable under the circumstances; and 2) whether the amount assessed was appropriate. 26 U.S.C. § 7429(b); *White v. United States,* 754 F.Supp. 66, 67 (M.D.N.C.1991).

The government bears the burden of proving the reasonableness of the assessment, while the taxpayer bears the burden of proving the inappropriateness of the amount assessed. 26 U.S.C. § 7429(g). In this case, propriety of the amount assessed is not disputed. The only issue presented here is whether the jeopardy assessment was reasonable under the circumstances.

■ The "reasonable under the circumstances" test is of course imprecise by nature. But, in general, a jeopardy assessment is held "reasonable" so long as the decision to impose it falls between "something more than 'not arbitrary and capricious' and something less than 'supported by substantial evidence.'" *Loretto v. United States,* 440 F.Supp. 1168, 1172 (E.D.Pa.1977); *Harvey v. United States,* 730 F.Supp. 1097, 1104 (S.D.Fla.1991); *Burd,* 774 F.Supp. at 906. A jeopardy assessment is appropriate if:

1) the taxpayer is or appears to be designing quickly to depart from the United States to conceal himself;

2) the taxpayer is or appears to be designing quickly to place his property beyond the reach of the government by removing it from the United States, or by concealing it, or by transferring it to another person, or by dissipating it; or

3) the taxpayer's financial solvency appears to be imperiled.

*White,* 754 F.Supp. at 68; *Young v. United States,* 671 F.Supp. 1340, 1343 (S.D.Fla.1987); Joint Committee on Taxation, General Explanation of Tax Reform Act of 1976, H.R. 106012, 94th Congress, 2d. session, 356, n. 1 (1976).

■ Here, the government contends that Mr. and Mrs. Olbres do appear to be designing quickly to place their property beyond its reach. The Service points to recent sales of commercial property they owned in Roch-

ester (August, 1992), and a vacation home in Conway, New Hampshire (December, 1992). These sales occurred after the taxpayers received notice that they were under criminal investigation for tax evasion. The government also notes that the Olbres' family home in Hampton and their Bertram Yacht, located in Florida, are for sale. The taxpayers' Rolls Royce automobile cannot be located.

Taxpayers concede that they were and are seeking to liquidate assets, but for the purpose of reducing debt, not to frustrate tax collectors. They argue that their efforts to liquidate are in accordance with a plan recommended by their accountant. George D. Coupounas, taxpayers' attorney and accountant confirmed in an affidavit that he advised liquidation. That advice was based, in part, on advice he received from Mr. Wilson Dennett, taxpayers' former accountant. Mr. Dennett had apparently told taxpayers and Mr. Coupounas that substantial additional taxes, interest, and penalties would be due from the Olbres upon completion of a tax audit of their 1987 return. At least implicit in taxpayers' position is the notion that they are liquidating assets not to facilitate concealment but in order to pay the very taxes owed (i.e. debts) that gave rise to the jeopardy assessment in the first place. Curiously, however, no monies have been paid on the tax obligation(s) and no information is available, nor have assurances been given, regarding the location of any liquidation proceeds.

To sustain its jeopardy assessment the government need only show that circumstances are such that collection of taxes owed might be jeopardized if collection efforts are delayed pending routine administrative processing—not that collection actually will be jeopardized. *Schmitt v. United States,* 662 F.Supp. 900, 901 (D.Minn.1987); *Miller v. United States,* 615 F.Supp. 781, 786 (N.D.Ohio 1985); *Harvey,* 730 F.Supp. at 1107. The government has met its burden in this case by showing that a substantial amount is owed; that taxpayers were made aware that they were subjects of a criminal investigation after which they began converting assets to liquid form; that they were told by their accountant that a substantial tax

would be owed by them for tax year 1987; that they successfully sold properties but paid no part of the proceeds to the government; and that the form and whereabouts of other assets, including sale proceeds, is currently unknown to the Service.

While the taxpayers may not, in fact, be "designing quickly to place their property beyond the reach of the government," the IRS' contrary conclusion falls comfortably within the range between "something more than 'not arbitrary and capricious' and something less than 'supported by substantial evidence.'" *Loretto, supra,* 440 F.Supp. at 1172. Other issues raised by taxpayers and not addressed are deemed to be without merit.

Accordingly, the jeopardy assessment is found to be reasonable under the circumstances and is sustained.

SO ORDERED.